IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERMAINE CORDELL CLARK, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:23-cv-693-ECM-CWB |
| JOSEPH H. HEADLEY, et al., | ) |
| Defendants. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff was incarcerated at the Staton Correctional Facility when he filed this action and sought leave to proceed *in forma pauperis*. (*See* Docs. 1 through 3). By Order entered December 4, 2023 (Doc. 4), the court granted *in forma pauperis* status and directed Plaintiff to pay an initial partial filing fee in accordance with 28 U.S.C. § 1915(b)(1) as applicable to prisoners. Before Plaintiff submitted the initial partial filing fee, however, he was released from custody by the Alabama Department of Corrections. (*See* Doc. 5). The court thereafter withdrew the December 4, 2023 Order and directed Plaintiff to either pay the full filing fee of $405.00 or submit a new request for *in forma pauperis* status using AO Form 240. (Doc. 6).

Although Plaintiff submitted an AO Form 240 (Doc. 7), he failed to sign the form in compliance with Rule 11 of the Federal Rules of Civil Procedure, which requires that every pleading, motion, and other paper filed with the court be signed by the filing party's attorney of record "or by a party personally if the party is unrepresented." The court therefore directed Plaintiff to execute and refile the second page of the AO Form 240 no later than February 20, 2024. (Doc. 8). And Plaintiff was expressly "cautioned that a failure to do so may result in a recommendation by the Magistrate Judge that this action be dismissed." (*Id*.). Notwithstanding the court's instruction and admonition, Plaintiff failed to comply or take other action.

1

The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See, e.g., Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). Such authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630-31. *See also Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017). Here, the undersigned Magistrate Judge finds that Plaintiff's failure to comply or otherwise respond constitutes a clear record of delay and/or willful contempt; and the Magistrate Judge further finds that any lesser sanction than dismissal would not be appropriate under the circumstances, *i.e.,* where Plaintiff has failed to take action despite being warned about a potential dismissal. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). Accordingly, the Magistrate Judge hereby **RECOMMENDS** that this action be dismissed without prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed no later than **March 21, 2024**. An objecting party must identify the specific portion(s) of any factual findings or legal conclusions to which the objection is made and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a *de novo* determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon

3

grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 7th day of March 2024.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**